# Levy *v.* Singer Manufacturing Company, Appellant.

*Appeals—Assignments of error—Evidence—Exceptions—Quashing appeal.*

Where the single matter assigned as error is the refusal of the court to charge that under all the evidence in the case the verdict should be for the defendant, the appeal will be quashed, if the record shows that neither a bill of exceptions was sealed nor a certificate signed by the judge.

Argued Oct. 10, 1906.   Appeal, No. 249, Oct. T., 1905, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 415, on verdict for plaintiff in case of Israel Levy v. the Singer Manufacturing Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Appeal quashed.

Trespass for forceable removal of a sewing machine.   Before BRÉGY, J.

Verdict and judgment for plaintiff for $150.   Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Arthur B. Eaton*, for appellant.

*A. S. Ashbridge, Jr.*, with him *David Phillips*, for appellee.

PER CURIAM, November 19, 1906:

The single matter assigned as error is the refusal of the court to charge, as requested in the defendant's point, that under all the evidence in the case the verdict should be for the defendant.   Therefore it became necessary for the appellant to bring the evidence upon the record by bill of exceptions taken in the established form, or to have the same certified by the judge in the mode prescribed in section 2, rule VI.   But there is neither bill of exceptions sealed, nor certificate signed by the judge.   On the contrary, the judge, upon the appellee's objection, refused to certify the transcript of the notes of testimony furnished by the official stenographer, because the application for such certificate was not made within the time prescribed by the rule of his court for the presentation of bills of exceptions.   It is apparent, therefore, that in the present state of the record there is nothing before us to review, and that appellee's motion to quash the appeal must prevail.

The appeal is quashed.